## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DOMINIQUE DAVIS,

  **Plaintiff,**

v.            **Case No. 6:25-cv-2169-CEM-NWH**

YELP, INC.,

  **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on the Motion to Proceed *in forma pauperis* and Complaint filed by Plaintiff Dominique Davis. (Docs. 1, 3). For the reasons stated below, the undersigned will respectfully recommend that the Court deny the Motion to Proceed *in forma pauperis* and dismiss this action without prejudice.

### BACKGROUND

Plaintiff is an individual who operates a food truck known as "NiKos." (Doc. 1 at 2). Defendant is a Delaware corporation that operates a popular business rating website, Yelp. (*Id.*). Plaintiff alleges several claims against Defendant, including various privacy torts, violations of the Lanham Act, unjust enrichment, and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). In general, this action is about Defendant's listing of Plaintiff's business on its website without his consent. (*See id.*).

**STANDARD**

Prior to authorizing a party to proceed *in forma pauperis*, the Court must determine if the financial affidavit proffered satisfies the requirement of poverty. *See Thomas v. Sec'y of Dept. of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009); 28 U.S.C. § 1915. "A person need not be 'absolutely destitute' or reduce herself to a public charge in order to proceed [*in forma pauperis*]; rather, 'an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents.'" *Id.* (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)). Proceeding *in forma pauperis* is "a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

But before a court may allow a plaintiff to proceed *in forma pauperis*, the court must review the complaint to determine if the complaint is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B) (hereinafter referred to as "Section 1915"). A court must dismiss a complaint or grant leave to amend the complaint *sua sponte* if the complaint is deficient under Section 1915. *Id.*

"A complaint 'is frivolous where it lacks an arguable basis either in law or in fact.' " *Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. 2010) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). While courts liberally construe documents filed *pro se* for purposes of Section 1915, *Erickson v. Pardus*, 551

- 2 -

U.S. 89, 94 (2007), "[i]ndigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

## DISCUSSION

First, Plaintiff seeks leave to proceed *in forma pauperis.* He filed a financial affidavit attesting that he makes no income whatsoever but has $8,858 in monthly expenses. (Doc. 3). Plaintiff's monthly expenses include $3,600 in credit card payments and $2,500 in regular business expenses. (*Id.*). For starters, it is improbable that Plaintiff makes *no* income, as "it undeniably costs money to live." *Moskau v. Peterson*, No. 620CV1437ORL37EJK, 2020 WL 13369431, at *2 (M.D. Fla. Sept. 18, 2020) (citing *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013)). It is peculiar for Plaintiff to make no income while also spending $2,500 per month to operate his personal business, even if that business is not profitable. Plaintiff's averments of indigency are frankly hard to believe.

Next, because Plaintiff seeks leave to proceed *in forma pauperis*, Section 1915 obligates the Court to review the merits of the Plaintiff's claims to ensure they (1) are not "frivolous or malicious," (2) do not "fail[] to state a claim on which relief may be granted," and (3) do not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff is suing Yelp, a website known for hosting consumer reviews of businesses, including in this case, Plaintiff's food truck NiKos. (Doc. 1 at 2). Plaintiff

- 3 -

asserts claims of misappropriation/right of publicity; trademark infringement under the Lanham Act; unjust enrichment; and violation of FDUTPA. The undersigned will discuss each claim in turn.

### A.    Misappropriation and Right of Publicity

"The common law protection against misappropriation of likeness is substantially the same as the statutory right of publicity under section 540.08 of the Florida Statutes." *Taylor v. Trapeze Mgmt., LLC*, No. 0:17-CV-62262-KMM, 2018 WL 9708619, at *6 (S.D. Fla. Mar. 26, 2018); *see Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1102 n.6 (Fla. 2008) (Florida codified the tort of commercial appropriation in section 540.08). Florida's right of publicity statute prohibits the unauthorized publication "for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person . . . ." Fla. Stat. § 540.08(1). Under that statute, "the terms 'trade', 'commercial', or 'advertising purpose' mean using a person's name or likeness to directly promote a product or service." *Lane v. MRA Holdings, LLC*, 242 F. Supp. 2d 1205, 1212 (M.D. Fla. 2002) (citing *Valentine v. CBS, Inc.,* 698 F.2d 430, 433 (11th Cir. 1983)).

But this is not a case about the misappropriation of the name or likeness of Dominique Davis as a natural person. Instead, Plaintiff claims that Defendant misappropriated the name or likeness of his *business*, NiKos. Plaintiff does not allege that Defendant has published or otherwise misappropriated his personal name or likeness. (*See* Doc. 1 at 2). Accordingly, under the plain text of the statute, Plaintiff's

right of publicity and misappropriation claims fail at the outset.[1] Plaintiff also asserts in the Complaint that Florida common law recognizes misappropriation claims raised by businesses, but no Florida or Eleventh Circuit caselaw appears to support this assertion. As such, Plaintiff's misappropriation and right of publicity claims are frivolous as pled.

### B.    Lanham Act

Next, Plaintiff asserts several Lanham Act claims. The Lanham Act, 15 U.S.C. § 1125, *et seq.*, is a federal statute governing trademark violations and other forms of unfair competition. Plaintiff alleges that, by publishing the name and logo of Plaintiff's business on its website, Defendant is violating and diluting Plaintiff's trademarks. (Doc. 1 at 4–5). Plaintiff takes a scattershot approach to his Lanham Act claims, and as a result, they are difficult to parse. However, the thrust of these claims appears to be that Defendant uses the name and logo of Plaintiff's business on its website and is thereby infringing on Plaintiff's trademarks. (*See id.*).

The Lanham Act serves to prevent businesses from confusing or deceiving consumers through trademark infringement. *See Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007). "[T]he touchstone of liability in a trademark infringement action is not simply whether there is unauthorized use of a

---

[1] It is also somewhat doubtful that Defendant's usage of the likeness of Plaintiff's business serves a sufficiently "direct" commercial purpose. *See Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1324–27 (11th Cir. 2006) (a statutory right of publicity claim requires that the defendant use the plaintiff's name or likeness to "directly promote" a product or service). Plaintiff only alleges that Defendant places advertisements on the same page as the likeness of Plaintiff's business, not that Defendant is using the Plaintiff's business itself as promotion for a different product. (*See* Doc. 1 at 2–3).

protected mark, but whether such use is likely to cause consumer confusion." *Id.* A plaintiff asserting a Lanham Act infringement claim must prove "(1) that [he] had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to [his] mark, such that consumers were likely to confuse the two." *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1265 (11th Cir. 2016); *see Univ. of Alabama Bd. of Trs. v. New Life Art, Inc.*, 683 F.3d 1266, 1278 (11th Cir. 2012) (in the Eleventh Circuit, false endorsement claims are not treated as distinct from trademark infringement claims under the Lanham Act).

Plaintiff alleges that Defendant uses Plaintiff's trademarks on its website. The Complaint even links to the webpage at issue, which remains online. (Doc. 1 at 2); *NiKos Orlando*, YELP (last accessed March 25, 2026), https://www.yelp.com/biz/nikos-orlando. But Plaintiff's Lanham Act claims have one critical problem: even accepting Plaintiff's factual allegations as true, and even assuming that Plaintiff's business name and logo qualify as trademarks in the first place, Defendant used the name and logo of Plaintiff's business *accurately*, identifying those marks as belonging solely to Plaintiff. Although Plaintiff alleges in purely conclusory fashion that Defendant's usage of the name and logo will cause confusion and falsely imply endorsement, Plaintiff alleges no *facts* to that effect.[2] Simply put, nothing in the

---

[2] It is particularly unlikely that the listing at issue would imply "endorsement," as Plaintiff's business has a relatively poor consumer rating on Defendant's website. *NiKos Orlando*, YELP (last accessed March 25, 2026), https://www.yelp.com/biz/nikos-orlando. Plaintiff even complains about

Complaint shows that Defendant actually *infringed* on Plaintiff's trademark, since infringement requires that the infringer "adopt" the mark at issue in a manner likely to confuse consumers. *Fla. Int'l Univ. Bd. of Trs.*, 830 F.3d at 1265. Because the Complaint alleges that Defendant used Plaintiff's marks to accurately identify Plaintiff's business and the source of Plaintiff's goods, Plaintiff cannot possibly state a claim for trademark infringement, rendering this claim frivolous.

### C.    Unjust Enrichment and FDUTPA

"Under Florida law, unjust enrichment is a legal fiction designed to permit recovery by contractual remedy in those cases where there is no contract." *Dooley v. Gary the Carpenter Constr., Inc.*, 388 So. 3d 881, 883 (Fla. 3d DCA 2023). "Recovery is warranted where it is deemed unjust for one party to have received a benefit without having to pay compensation for it." *Id.* (quotations omitted). The elements of a claim for unjust enrichment are: "(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff." *Doral Collision Ctr., Inc. v. Daimler Tr.*, 341 So. 3d 424, 429 (Fla. 3d DCA 2022). "A benefit that a defendant gains that does not come directly from the plaintiff does not give rise to a claim for unjust enrichment." *Century Sr. Servs. v. Consumer Health Ben.*

---

these negative reviews, lamenting that he is "powerless to prevent association with negative or irrelevant content, including damaging reviews or advertisements by competitors." (Doc. 1 at 5). But the Lanham Act prohibits *trademark infringement*—not negative publicity.

*Ass'n, Inc.*, 770 F. Supp. 2d 1261, 1267 (S.D. Fla. 2011). "It is not enough to show that the defendant obtained a benefit and that the plaintiff was in some roundabout way damaged." *Caldwell v. Compass Ent. Grp. LLC*, No. 614CV1701ORL41TBS, 2016 WL 7136181, at *2 (M.D. Fla. Feb. 4, 2016).

Here, Plaintiff claims that he conferred the "benefit" of the name and likeness of his business to Defendant, who profits from advertisements placed on the same page as Plaintiff's business details. (Doc. 1 at 5–6). However, the actual "benefit" here—Defendant's advertising revenue—is clearly indirect, since Defendant allegedly only used the name of Plaintiff's business to "drive[] traffic" to its website by posting the details of businesses and to earn advertising revenue from user traffic. (*Id.* at 6). Plaintiff did not directly confer the benefit of advertising revenue to Defendant. As such, Plaintiff's unjust enrichment claim cannot stand.

Finally, Plaintiff asserts that Defendant has violated FDUTPA through its "practice of refusing removal and misrepresenting ownership of business profiles." (*Id.*). This constitutes the entirety of Plaintiff's allegations regarding FDUTPA. As such, it is impossible to judge the sufficiency of this claim. In any case, Plaintiff fails to plead that Defendant's allegedly unfair practices have actually caused harm to any consumers, which is an essential element of such claims. *Stewart Agency, Inc. v. Arrigo Enters., Inc.*, 266 So. 3d 207, 212 (Fla. 4th DCA 2019). Plaintiff's FDUTPA claim is therefore frivolous as pleaded.

## RECOMMENDATION

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Court:

1.      **DENY WITHOUT PREJUDICE** the Motion to Proceed *in forma pauperis*, (Doc. 3);

2.      **DISMISS** the Complaint, (Doc. 1), **WITHOUT PREJUDICE**; and

3.      **GRANT** Plaintiff leave to file an amended Complaint correcting the errors discussed above within a time the Court deems appropriate.[3]

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

---

[3] Where amendment does not appear completely futile, courts ordinarily allow a *pro se* plaintiff a chance to amend an insufficiently pleaded complaint. *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019).

**RECOMMENDED** in Orlando, Florida, on March 27, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Party

Presiding District Judge